FILED
United States Court of Appeals
Tenth Circuit

May 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID BLADE CLAY,

        Plaintiff - Appellant,

v.

CANADIAN COUNTY JAIL,

        Defendant - Appellee.

No. 13-6063
(D.C. No. 5:12-CV-01144-C)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, and **ANDERSON** and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, David Blade Clay, proceeding *pro se*, filed the instant 28 U.S.C. § 1983 action challenging various conditions of his confinement

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

at the Canadian County Jail.[1]  When he failed to pay the requisite filing fees, and failed to file a satisfactory motion seeking leave to proceed in the district court without such payment (to proceed *in forma pauperis* ("*ifp*")), the magistrate judge who was handling the preliminary matters in the case recommended that the case be dismissed without prejudice.  In his recommendation, the magistrate judge noted that the court had mailed to Mr. Clay *ifp* forms on two occasions, and had, on three occasions, extended Mr. Clay's time to comply with the court's orders to submit the requisite form, but that Mr. Clay had continuously failed to comply with the rules and the court's orders.  The magistrate judge also noted that Mr. Clay had filed a proper and successful *ifp* motion in another case, thus indicating a familiarity with the process and the required form.

The district court adopted the report and recommendation and dismissed Mr. Clay's action without prejudice, for failure to pay the filing fee or submit an *ifp* motion.  The court then denied Mr. Clay's motion (on the proper form) to proceed *ifp* on appeal before our court.  Mr. Clay makes virtually no attempt to challenge the propriety of the district court's decision.  Rather, he attempts to argue the merits of his § 1983 action, which the court, of course, did not address below.  Mr. Clay has renewed his appellate *ifp* motion.

---

[1]Pursuant to this court's Order dated March 28, 2013, we obviously have determined that we have jurisdiction over this appeal.

Discerning no error in the district court's dismissal without prejudice for failure to comply with the court's rules, we AFFIRM that dismissal. We DENY as frivolous Mr. Clay's motion to proceed on appeal *ifp*. We remind Mr. Clay that he must pay immediately the unpaid balance of his fee.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge